IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ROBERT L. FRANKLIN TRUSTEE OF GLOBAL LIQUIDATING TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>CONSUS ETHANOL LLC, et al.,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:11-CV-4062-TWT |

ORDER

This is a securities fraud action. It is before the Court on Terry Branstad's Motion to Dismiss [Doc. 19], Eric Wallace's Motion to Dismiss [Doc. 23], and the Defendants' Partial Motion to Dismiss [Doc. 60]. For the reasons set forth below, the Court DENIES as moot Branstad's Motion to Dismiss [Doc. 19], DENIES as moot Wallace's Motion to Dismiss [Doc. 23], and GRANTS the Defendants' Partial Motion to Dismiss [Doc. 60].

I. Background

Consus Ethanol, LLC ("Consus") is an ethanol technology company. On January 11, 2008, Global Energy Holdings Group, Inc. ("Global") loaned Consus $500,000 to pursue ethanol production in Pennsylvania (the "Loan"). As part of the
T:\ORDERS\11\Franklin\mdjtwt.wpd

Loan, the parties entered into a Note and Subscription Agreement (the "2008 Note"). On January 1, 2009, the parties rescinded the 2008 Note and replaced it with another note (the "2009 Note"). (See Am. Compl., Ex. A.) Consus failed to repay the 2009 Note.

Northeast Securities, Inc. ("Northeast"), is an investment advisor and broker-dealer that provided financial advice to Consus related to the Loan. Robert Bonelli is the President and Chief Operating Officer of Northeast. The Plaintiff alleges that on November 19, 2007, Bonelli sent a press release and email to Global announcing that Terry Branstad, the former Governor of Iowa, was joining Consus's board of directors (the "2007 Press Release"). (See Am. Compl., Exs. C & D.) Branstad, however, had not been appointed to Consus's board and had no relationship with the company. Consus also sent an investor letter on January 29, 2009, indicating that Consus's potential investors "were not able to make a $200 M equity commitment." (See Am. Compl., Ex. G.) As a result, the letter indicated that Consus "had to lay off all of [its] staff, due to lack of funding." (Id.) Global never received this letter.

In 2009, Global filed for bankruptcy protection. The Court appointed Robert Franklin as Trustee of Global. On August 23, 2011, Eric Wallace, Consus's CEO, sent an email to Global stating that "the [Consus] board was myself, Bob Bonelli, Joe Cranston (for a while) and Terry Brandstad [sic]." (Am. Compl., Ex. F.) On

November 23, 2011, Franklin filed this lawsuit against Consus, Eric Wallace, Northeast, Robert Bonelli, and Terry Branstad [Doc. 1]. The Plaintiff alleges that the Defendants made material misrepresentations that induced Global to enter into the 2008 and 2009 Notes. On February 21, 2012, Terry Branstad filed a Motion to Dismiss [Doc. 19]. The same day, Eric Wallace filed a Motion to Dismiss [Doc. 23]. On March 21, 2012, the Plaintiff voluntarily dismissed Branstad [Doc. 39]. Then, on May 14, 2012, the Plaintiff filed an Amended Complaint, adding claims for violation of Georgia and federal RICO statutes [Doc. 52]. Finally, on June 25, 2012, the remaining Defendants filed a Partial Motion to Dismiss the Amended Complaint [Doc. 60]. The Defendants argue that the Amended Complaint fails to state a claim for RICO violations under state or federal law.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court

must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

#### A. Branstad's Motion to Dismiss

On March 21, 2012, the Plaintiff voluntarily dismissed Terry Branstad [Doc. 39]. Thus, Branstad's Motion to Dismiss [Doc. 19] is moot.

#### B. Wallace's Motion to Dismiss

On February 21, 2012, Eric Wallace filed a Motion to Dismiss [Doc. 23]. On May 14, 2012, the Plaintiff filed an Amended Complaint [Doc. 52]. Thus, Wallace's Motion to Dismiss is moot.

#### C. Defendants' Motion to Dismiss RICO Claims

The Defendants argue that the federal and state RICO claims in the Amended Complaint should be dismissed. The federal RICO statute provides:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> . . .
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962. Thus, to establish a RICO violation, the Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006) (quoting Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994)). Importantly, however, "the different RICO [sub]sections require plaintiffs to prove different things." Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1251 (7th Cir. 1989). "For example, under § 1962(c), the plaintiff must show that the enterprise and the defendant are different entities; under § 1962(a), however, the defendant may be the enterprise." Id. "Thus,

it is essential to plead precisely in a RICO case the enterprise alleged and *the RICO section allegedly violated.*"[1] Id. (emphasis added); see also Gore v. Eichholz, No. 491-084, 1992 WL 96316, at *2 (S.D. Ga. April 24, 1992) ("To allege the elements of [a RICO] cause of action, the plaintiff must reveal which subsection of section 1962 the defendant allegedly violated, for each subsection has different elements."); Estate of Scott v. Scott, 907 F. Supp. 1495, 1499 (M.D. Ala. 1995) (dismissing RICO action and reasoning "that failure to plead the specific subsection of § 1962 may alone constitute grounds to dismiss a RICO complaint.").

Here, the Amended Complaint fails to plead which subsection of § 1962 the Defendants allegedly violated. Rather, the Amended Complaint merely states that the "Defendants intentionally conducted and participated in a scheme to defraud Global by engaging in a pattern of racketeering activity." (Am. Compl. ¶ 265.) This allegation merely tracks the similar language found in subsections (a), (b), and (c). It does not indicate which RICO subsection the Defendants allegedly violated. Indeed, no facts pled in the Amended Complaint indicate which subsection the Plaintiff

---

[1]Here, precise pleading is even more necessary because the Amended Complaint fails to cite which section of 18 U.S.C. § 1962 the Plaintiff alleges was violated.

alleges was violated.[2] For this reason, the Plaintiff's federal RICO claim should be dismissed without prejudice.

The Georgia RICO statute provides that "[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." O.C.G.A. § 16-14-4(a). "'Pattern of racketeering activity' means: (A) Engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission." O.C.G.A. § 16–14–3(8).

In <u>Cobb v. Kennon Realty Servs.</u>, 191 Ga. App. 740 (1989), the parties entered into a complex loan transaction. Initially, the plaintiff obtained a loan guaranteed by one of the defendants and secured by the plaintiff's home. A year later, the plaintiff renewed the note. Subsequently, at the lender's demand, the guarantor paid off the note and the plaintiff executed another security deed in favor of the original guarantor. When the plaintiff defaulted, the guarantor foreclosed on the plaintiff's home. The

---

[2] In his response, Franklin argues that the Defendants clearly understood that the Amended Complaint alleged violations of § 1962(c). (<u>See</u> Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 9-10.) The Defendants' apparently correct determination, however, does not alter the requirements of the Federal Rules.

plaintiff then sued for violations of the Georgia RICO Act, alleging that he had been fraudulently induced into obtaining the loan. The court, however, held that there was no "pattern of racketeering activity." Although the plaintiff had entered into several contracts over an extended period of time, the court reasoned that the "evidence submitted concerned only the one extended transaction between [the plaintiff] and [the defendants]." Id. at 741.

Similarly, in Foxworthy, Inc. v. CMG Life Servs., Inc., No. 11-CV-2682, 2012 WL 1269127 (N.D. Ga. April 15, 2012), the plaintiff alleged that the defendant had made false statements that induced the plaintiff to enter into two viatical settlement financing agreements. Citing Cobb, the court held that the complaint did not plead a "pattern of racketeering activity." Although the plaintiff alleged multiple misrepresentations related to multiple contracts, all those misrepresentations "related to the viatical settlement financing transaction [between the parties]." Id. at *7.

Here, the Plaintiff alleges multiple misrepresentations, including the 2007 Press Release and January 29 letter. As in Foxworthy and Cobb, however, those alleged misrepresentations all relate to a single financing transaction–the Loan. See id. at *7 (dismissing Georgia RICO claim where all misrepresentations "related to the viatical settlement financing transaction between [the parties]."). As in Cobb, this single financing transaction involved multiple contracts, including the 2008 and 2009 Notes.

See Cobb, 191 Ga. App. at 741 (finding single transaction where plaintiff renewed original note and executed new security deed). Those contracts, however, are not separate transactions, but part of a single extended transaction in which Global loaned Consus $500,000. See id. (multiple loans and security deeds involved in home financing transaction constitute single transaction). Thus, as in Cobb and Foxworthy, the Plaintiff has not pled a "pattern of racketeering activity." For this reason, Franklin's Georgia RICO claim should be dismissed without prejudice.

## IV. Conclusion

For the reasons set forth above, the Court DENIES as moot Terry Branstad's Motion to Dismiss [Doc. 19], DENIES as moot Eric Wallace's Motion to Dismiss [Doc. 23], and GRANTS the Defendants' Partial Motion to Dismiss [Doc. 60].

SO ORDERED, this 29 day of August, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge